O'BRIEN *v.* STATE OF INDIANA.

[No. 24,335. Filed January 8, 1924. Rehearing denied June 3, 1924.]

CRIMINAL LAW.—*Appeal.*—*Record.*—*Amended Affidavit.*—A record on appeal in a criminal case, that was appealed to the circuit court from a city court, which does not contain an amended affidavit charging the offense, filed in the circuit court, is insufficient to present any question as to the overruling of a motion to quash the amended affidavit.

From Fountain Circuit Court; *Barton S. Aikman,* Special Judge.

Loren O'Brien was convicted of a violation of the Prohibition Law, and he appeals. *Affirmed.*

*Edwin F. McCabe, Charles E. McCabe* and *Edward L. McCabe,* for appellant.

*U. S. Lesh,* Attorney-General, and *D. F. Stansbury,* for the State.

TRAVIS, J.—Appellant was tried by the city court of Attica upon his plea of not guilty to the charge by affidavit for violation of amended §4, (Acts 1921 p. 736) §§15, 20 (Acts 1917 p. 15) of the Indiana Prohibition Law, §§8356d, 8356o, and 8356t Burns' Supp. 1921. From a judgment upon a finding of guilty, he appealed to the Fountain Circuit Court.

In the circuit court, the prosecuting attorney, upon permission granted by the court, filed an amended affidavit, to which appellant addressed his motion to quash, which was overruled by the court. A trial resulted in a verdict of guilty, and was followed by a judgment of fine and imprisonment, and appellant appeals. The ruling of the court in overruling the motion to quash the amended affidavit is the only error assigned and presented on appeal.

The only affidavit charging an offense, as shown by the record, is the original affidavit filed in the Attica City Court, and is copied in the transcript for the appeal from the city court to the circuit court.

The order of the circuit court concerning the amended affidavit, as presented by the record, does not contain a copy of the amended affidavit, but refers to it merely by the words, "as follows: (insert)."

Appellant, in the attempt to have his motion to quash apply to the original affidavit which appears in the record, as contained in the transcript for appeal from the city court to the circuit court, says in his brief: "The presumption must be that the clerk did his duty and incorporated in the transcript (to this court) only the amended affidavit."

This court presumes just what the record plainly discloses; which is, that the amended affidavit, to which appellant's motion to quash was addressed, is not in the record; the conclusion of which is, that the error assigned and relied upon is not presented.

Judgment affirmed.